## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JASON WELSH,

        *Plaintiff*,

    v.

UNITED STATES DEPARTMENT OF
STATE,

        *Defendant*.

Civil Action No. 21-1380 (TJK)

## <u>MEMORANDUM OPINION AND ORDER</u>

Jason Welsh, a Foreign Service Officer serving in the U.S. Embassy in the Philippines, sued his employer, the State Department, over travel restrictions it imposed in 2020 because of the COVID-19 pandemic. In his pro se complaint, Welsh alleges both a due process claim and a claim under the Freedom of Information Act, or FOIA. The State Department has moved to dismiss, arguing that the Court lacks subject-matter jurisdiction over the former and that Welsh has failed to state the latter. For the reasons explained below, the Court will grant the motion in part and dismiss the due process claim, as well as deny it without prejudice in part because the parties have not addressed several issues as to whether Welsh has stated a FOIA claim.

## I.    Background

According to his complaint, Welsh is a Foreign Service Officer employed by the State Department who served in the U.S. Embassy in Manila, the Philippines, in 2020.[1] ECF No. 1 at 6 ¶ 6, 7 ¶ 2. When the COVID-19 pandemic began in early 2020, the State Department permitted

---

[1] At this stage, the Court accepts Welsh's well-pleaded factual allegations as true and considers the attachments to his complaint. *See, e.g.*, *Morton v. U.S. Parole Comm'n*, 318 F. Supp. 3d 40, 43 (D.D.C. 2018).

most of its personnel stationed abroad to return to the United States, but Welsh chose to stay in the Philippines to ensure continuity of operations.  *Id.* at 7 ¶ 3.  In May, Welsh requested leave to travel to the United States.  *Id.* at 7 ¶ 5.  His request was at first approved, but later denied for pandemic-related reasons, and as a result Welsh lost nearly $2,000 he had spent on airfare.  *Id.* at 6 ¶ 2, 7 ¶ 5, 8 ¶¶ 8–10.  Welsh unsuccessfully challenged this denial through "both informal and formal channels."  *Id.* at 9–10 ¶¶ 14–16, 18–23.  The State Department's refusal to grant him leave continued until November 2020.  *Id.* at 9 ¶ 17.

In April 2021, Welsh sent the State Department a FOIA request for records about travel restrictions imposed on personnel like himself since January 2020.  *Id.* at 11 ¶¶ 24–25.  A day later, the State Department responded, acknowledging the request but informing him that it would "not be able to respond within the 20 days provided by [FOIA] due to 'unusual circumstances.'"  *Id.* at 11 ¶¶ 26–27; ECF No. 1-1 at 55.

The next month, Welsh, proceeding pro se, sued the State Department.  *See generally* ECF No. 1.  In his complaint, he asserts that the State Department's refusal to grant him leave violated his due process rights, and he purports to bring a FOIA claim.  *See id.* at 3, 4, 11.  He requests compensatory damages under 42 U.S.C. § 1983, declaratory relief under 28 U.S.C. § 2201 in connection with his due process claim, and "such other relief as the Court may deem just and proper."  *Id.* at 4 ¶ IV.  The State Department has moved to dismiss, arguing that the Court lacks subject-matter jurisdiction over Welsh's due process claim because of sovereign immunity and that Welsh has failed to state a FOIA claim.  *See* ECF No. 13; ECF No. 13-1 at 11–14.

## II.   Legal Standards

To avoid dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure, "the plaintiff bears the burden of proving that the Court has subject matter jurisdiction."  *United States ex*

*rel. Bid Solve, Inc. v. CWS Mktg. Grp., Inc.*, No. 19-cv-01861 (TNM), 2021 WL 4819899, at *2 (D.D.C. Oct. 15, 2021). Sovereign immunity claims are jurisdictional. *Burkhart v. WMATA*, 112 F.3d 1207, 1216 (D.C. Cir. 1997). Thus, where, as here, a defendant raises the doctrine of sovereign immunity as a bar to claims, the plaintiff must overcome that defense to survive a Rule 12(b)(1) motion to dismiss. *Jackson v. Bush*, 448 F. Supp. 2d 198, 200 (D.D.C. 2006).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mere conclusory statements of misconduct, even from a pro se plaintiff, are not enough to make out a cause of action against a defendant. *Kretchmar v. FBI*, 32 F. Supp. 3d 49, 54 (D.D.C. 2014). In considering a motion under Rule 12(b)(6), the Court may consider (as relevant here) only the facts contained within the four corners of the complaint along with any documents attached to or incorporated into the complaint. *Pate v. Fed. Bureau of Prisons*, No. 21-cv-202 (RDM), 2021 WL 5038636, at *2 (D.D.C. Oct. 29, 2021).

Because Welsh is proceeding pro se, the Court must liberally construe his filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Even so, "generosity is not fantasy," *Jackson*, 448 F. Supp. 2d at 200, and there is "a difference between liberally construing ambiguities in *pro se* plaintiffs' complaints and completely rewriting portions of the complaint," *Bamdad v. U.S. DEA*, 617 F. App'x 7, 9 (D.C. Cir. 2015) (per curiam) (citation omitted).

## III.   Analysis

### A.    Due Process Claim

The Court lacks subject-matter jurisdiction over Welsh's due process claim because the State Department's sovereign immunity bars Welsh's request for damages and because Welsh

lacks standing to seek injunctive relief against his employer.[2]   Thus, the Court will grant in part the State Department's motion to dismiss and dismiss this claim.

To begin with, the Court lacks subject-matter jurisdiction over Welsh's request for damages related to this claim because of the State Department's sovereign immunity.  "Sovereign immunity bars a suit for money damages against the federal government, its agencies, and its employees sued in their official capacity, unless the government has waived such immunity."  *Henry v. Bureau of Prisons*, No. 05-cv-0318 (RBW), 2006 WL 156704, at *1 (D.D.C. Jan. 20, 2006).  Welsh has sued the State Department, an agency of the federal government.  Thus, sovereign immunity bars his claim for damages unless it has been waived.  But no waiver applies here.  True, under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), a plaintiff can seek damages against a federal officer in an individual capacity for violating the plaintiff's constitutional rights, and in such cases sovereign immunity from damages does not apply.  *See Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 368–69 (D.C. Cir. 1997).  But the federal government has not waived sovereign immunity to permit *Bivens* liability against federal agencies.  *See Drake v. FAA*, 291 F.3d 59, 72 (D.C. Cir. 2002); *Doe v. Sessions*, No. 18-cv-00004 (RC), 2018 WL 6530554, at *2 (D.D.C. Dec. 12, 2018).  Thus, Welsh's request for damages related to his due process claim is barred by sovereign immunity.

For this reason, the Court also lacks subject-matter jurisdiction over Welsh's request for declaratory relief.  The Declaratory Judgment Act is not a jurisdiction-conferring statute.  *Duckett*

---

[2] Welsh brings his due process claim under the Fourteenth Amendment and 42 U.S.C. § 1983, but outside of rare situations absent here, neither applies to a federal agency like the State Department. *See Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1104 (D.C. Cir. 2005); *Powers-Bunce v. District of Columbia*, 479 F. Supp. 2d 146, 153 (D.D.C. 2007).  Welsh presumably means to raise a Fifth Amendment due process claim, *see* ECF No. 15 at 1, and the Court so construes it, *e.g.*, *Canuto v. Mattis*, No. 16-cv-2282 (EGS), 2018 WL 3213318, at *8 n.7 (D.D.C. June 30, 2018).

*v. United States*, No. 18-cv-2185 (UNA), 2018 WL 4954151, at *1 (D.D.C. Oct. 10, 2018).  Thus, "the availability of declaratory relief presupposes the existence of a judicially remediable right." *Ali v. Rumsfeld*, 649 F.3d 762, 778 (D.C. Cir. 2011) (cleaned up).  And Welsh asserts no "judicially remediable right" because sovereign immunity bars his claim for damages.  *See, e.g.*, *Manning v. Garland*, No. 20-cv-664 (TJK), 2021 WL 1209282, at *5 (D.D.C. Mar. 31, 2021); *cf. Stone v. Dep't of Hous. & Urban Dev.*, 859 F. Supp. 2d 59, 64 (D.D.C. 2012) ("[T]he Declaratory Judgment Act does not provide a waiver of sovereign immunity.").  Without "an underlying claim over which the Court has subject-matter jurisdiction and for which sovereign immunity has been waived," the Court lacks jurisdiction over Welsh's request for declaratory relief.  *See Terry v. Architect of the Capitol*, No. 18-cv-1733 (RBW), 2021 WL 2417535, at *11 (D.D.C. June 14, 2021).

Although Welsh never explicitly says so, his allegations about the State Department's travel restrictions combined with his request for "such other relief" the Court deems "just and proper" could be construed as a request for injunctive relief.  *See* ECF No. 1 at 4 ¶ IV, 6 ¶ 3. Sovereign immunity would not bar such relief.  *See* 5 U.S.C. § 702; *Xia v. Kerry*, 73 F. Supp. 3d 33, 38–39 (D.D.C. 2014).  But another subject-matter jurisdictional barrier would—Welsh's lack of standing.  *See Hisp. Affs. Project v. Perez*, 206 F. Supp. 3d 348, 361 (D.D.C. 2016).

Welsh lacks standing to pursue any request for injunctive relief against the travel restrictions he faced back in 2020 because, as he acknowledges, the State Department lifted those restrictions in November 2020.  ECF No. 1 at 6 ¶ 3, 9 ¶ 17.  Any harm flowing from those restrictions that could have been redressed by injunctive relief back in 2020 is "in the past" and "is not enough to establish a present controversy" for Welsh to pursue injunctive relief now.  *See ASPCA v. Ringling Bros. & Barnum & Bailey Circus*, 317 F.3d 334, 336 (D.C. Cir. 2003).

He also lacks standing to pursue injunctive relief against any future travel restrictions the State Department may impose. To have standing to seek an injunction against a defendant's threatened acts, a plaintiff must show that he is "immediately in danger of sustaining some direct injury" from those actions, and the "threat of injury must be both real and immediate." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02 (1983) (internal quotation marks omitted). That is, the "threatened injury must be *certainly impending* to constitute injury in fact" for standing purposes—neither "allegations of *possible* future injury" nor an "objectively reasonable likelihood" that the injury will occur suffice. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409–10 (2013) (cleaned up). At the very least, the plaintiff must establish "a 'substantial risk' of future injury" to have standing to seek such injunctive relief. *See Attias v. Carefirst, Inc.*, 865 F.3d 620, 627 (D.C. Cir. 2017).

Welsh asserts that "it is likely that the [State Department] will re-impose travel restrictions whenever, wherever, and for however long it wants." ECF No. 1 at 6 ¶ 3. But he alleges no facts to support this assertion, and none of the attachments to his complaint support it. While the Court must "take as true all well-pled factual allegations" in Welsh's complaint, it is "obligate[d]" to "disregard" unsupported factual allegations. *See Gulf Coast Mar. Supply, Inc. v. United States*, 867 F.3d 123, 128 (D.C. Cir. 2017) (per curiam). Thus, even assuming a "likely" risk of future injury is a "substantial risk of future injury" for standing purposes, Welsh's unsupported allegation to this effect does not help him. And even if the Court were to accept this allegation, Welsh still has not alleged facts showing that *he* is "immediately in danger" of sustaining a direct injury from travel restrictions the State Department might reimpose on its personnel anywhere around the world.[3] *See Lyons*, 461 U.S. at 101–02.

---

[3] Because Welsh lacks standing to seek any injunctive relief, the Court lacks subject-matter jurisdiction over his request for declaratory relief to the extent it is based on a request for injunctive

**B.      FOIA Claim**

Welsh has not stated a FOIA claim in his complaint and the attachments to it.  But the parties have not addressed several issues that could nonetheless save the day for him on this score.  Thus, the Court will deny the State Department's motion to dismiss in part, without prejudice to its filing a renewed motion to dismiss the FOIA claim.  *See, e.g.*, *De Sousa v. Dep't of State*, No. 09-cv-896 (RMU), 2010 WL 11594933, at *2 (D.D.C. June 4, 2010).

Generally, a FOIA plaintiff "states a claim where [he] properly alleges that 'an agency has (1) improperly (2) withheld (3) agency records.'"  *Cause of Action v. Nat'l Archives & Recs. Admin.*, 926 F. Supp. 2d 182, 185 (D.D.C. 2013) (quoting *U.S. DOJ v. Tax Analysts*, 492 U.S. 136, 142 (1989)).  But here, considering both Welsh's complaint and the attachments to it, all that he has alleged as to his FOIA claim is (1) the date he submitted his FOIA request, (2) some of the records he requested, and (3) that the State Department acknowledged receiving his FOIA request and informed him that "unusual circumstances" prevented it from responding within the twenty-day statutory timeframe.  *See* ECF No. 1 at 11 ¶¶ 24–27; ECF No. 1-1 at 55.  He did not even allege perfunctorily that the agency improperly withheld the requested records.  Thus, if the Court considered only Welsh's complaint and the attachments to it, it would have no trouble concluding that he has failed to state a claim.

But in his opposition to the State Department's motion to dismiss, Welsh added that the State Department "[t]o this day . . . refuses to respond" to his FOIA request "and has improperly withheld agency records."  ECF No. 15 at 2.  In its reply, the State Department asks the Court to disregard these assertions pursuant to the "well settled" principle that "a plaintiff cannot amend

---

relief.  *See Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 15 n.4 (D.D.C. 2001).

[his] complaint by the briefs in opposition to a motion to dismiss."  ECF No. 16 at 7–8 (quoting *Kingman Park Civic Ass'n v. Gray*, 27 F. Supp. 3d 142, 160 n.7 (D.D.C. 2014)).

The State Department is right that "[o]rdinarily, a plaintiff cannot amend a complaint in an opposition filing."  *Woodson v. Smith*, No. 20-cv-02668 (TNM), 2021 WL 4169357, at *5 (D.D.C. Sept. 14, 2021).  "But this is not the ordinary case" because Welsh "is proceeding *pro se*."  *See Grell v. Trump*, 3330 F. Supp. 3d 311, 318 (D.D.C. 2018).  Thus, the Court must consider the four factors articulated by the D.C. Circuit in *Richardson v. United States*, 193 F.3d 545 (D.C. Cir. 1999) to decide whether to consider the opposition filing alongside the complaint in determining whether Welsh has stated a FOIA claim.  *See Woodson*, 2021 WL 4169357, at *5.  And the parties have not addressed the *Richardson* factors, or whether, if the Court ends up considering the opposition, he has stated a FOIA claim.[4]

---

[4] It is typically "quite straightforward" for a plaintiff to plead a FOIA claim.  *See Campaign for Accountability v. U.S. DOJ*, 278 F. Supp. 3d 303, 313 (D.D.C. 2017).  But the State Department's initial response to Welsh's FOIA request informed him that it would "not be able to respond within the 20 days provided by the statute due to 'unusual circumstances.'"  *See* ECF No. 1 at 11 ¶ 27; ECF No. 1-1 at 55 (quoting 5 U.S.C. § 552(a)(6)(B)(i)–(iii)).  Under § 552(a)(6)(B)(ii), an agency may "extend the deadline" it has to determine whether to comply with a FOIA request under § 552(a)(6)(A)(i) when "unusual circumstances" exist.  *See Long v. U.S. DOJ*, 450 F. Supp. 2d 42, 80 (D.D.C. 2006); *see also Judicial Watch, Inc. v. U.S. DHS*, 895 F.3d 770, 774 (D.C. Cir. 2018).  The parties have not addressed what effect, if any, the State Department's invocation of "unusual circumstances" has on whether Welsh has adequately pleaded a FOIA claim.

**IV.**      **Conclusion and Order**

For all these reasons, it is hereby **ORDERED** that the State Department's motion to dismiss, ECF No. 13, is **GRANTED IN PART** and **DENIED IN PART WITHOUT PREJUDICE**. It is further **ORDERED** that the State Department shall file either a renewed motion to dismiss or an answer by March 4, 2022.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: February 4, 2022

9